# *EXHIBIT A*



Search for Cases by: Select Search Method...

Judicial Links  |  eFiling  |  Help  |  Contact Us  |  Print        GrantedPublicAccess   Logoff MLM20129411

**2031-CC00741 - BASIL FITZPATRICK V TARGET CORPORATION (E-CASE)**

| Case Header | Parties & Attorneys | Docket Entries | Charges, Judgments & Sentences | Service Information | Filings Due | Scheduled Hearings & Trials | Civil Judgments | Garnishments/ Execution |

This information is provided as a service and is not considered an official court record.

[Click here to eFile on Case](#)    Click here to Respond to Selected Documents    Sort Date Entries: ● Descending ○ Ascending      Display Options: All Entries

---

**06/24/2020**    ☐   **Summons Issued-Circuit**
Document ID: 20-SMCC-1339, for TARGET CORPORATION. Summons saved and attached in PDF format for Attorney to retrieve from secure case.net./cr

☐   **Judge Assigned**

**06/23/2020**    ☐   **Filing Info Sheet eFiling**
       **Filed By:** ADAM PEKELO PIHANA

☐   **Pet Filed in Circuit Ct**
Plts Petition; Exhibit A./cr
       **On Behalf Of:** BASIL FITZPATRICK

---

Electronically Filed - Greene - June 23, 2020 - 09:50 AM

**IN THE CIRCUIT COURT OF GREENE COUNTY, MISSOURI**

| | | |
|---|---|---|
| BASIL FITZPATRICK, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. _____ |
| | ) | **JURY TRIAL REQUESTED** |
| TARGET CORPORATION, | ) | |
| | ) | |
| Serve Registered Agent: | ) | |
| | ) | |
| CT Corporation System | ) | |
| 120 South Central Ave. | ) | |
| Clayton, MO 63105 | ) | |
| | ) | |
| Defendant. | ) | |

**PETITION**

COMES NOW plaintiff Basil Fitzpatrick, by and through his attorneys of record, Hall Ansley, P.C., and for his cause of action against defendant Target Corporation, states, alleges and avers to the Court as follows:

**PARTIES**

1.     Plaintiff is a resident of the City of Branson, Taney County, State of Missouri.

2.     Defendant Target Corporation (hereinafter "defendant Target") is a foreign corporation with its principal place of business in the State of Minnesota.

3.     Service of Process may be perfected on defendant Target by serving its registered agent, C T Corporation System, 120 South Central Ave., Clayton, Missouri.

4.     At all times relevant, defendant Target acted by and through its duly authorized agents, servants, and employees.

1

**VENUE AND JURISDICTION**

5.      Plaintiff hereby restates, reincorporates, and realleges all preceding paragraphs as though fully restated herein *in haec verba*.

6.      At least one cause of action asserted herein sounds in tort.

7.      Plaintiff seeks damages in excess of $25,000.00.

8.      Plaintiff timely filed charges of discrimination ("the Charges") with the Missouri Commission on Human Rights ("MCHR.")

9.      The MCHR issued Plaintiff a Notice of Right to Sue on May 12, 2020.  *See* "Notice of Right to Sue," dated May 12, 2020, a true and correct copy of which is attached hereto as Exhibit "A" and incorporated herein by reference.

10.      The claims sued on pursuant to Exhibit A are made within ninety (90) days of May 12, 2020.

11.      Upon information and belief, Defendant has had more than six (6) employees in the last calendar year.

12.      Venue is proper in Greene County because Plaintiff first sustained injury in Greene County, Missouri, and pursuant to R.S.Mo. § 508.010.

**ALLEGATIONS COMMON TO ALL COUNTS**

13.      Plaintiff hereby restates, reincorporates, and realleges all preceding paragraphs as though fully restated herein *in haec verba*.

14.      Plaintiff began working for Defendant as an Executive Team Leader on July 5, 2015 at Defendant's Owasso, Oklahoma location.

15.      At all times relevant, Plaintiff was and is more than forty (40) years of age, but less than seventy (70) years of age.

2

16.     Beginning in and around February 2017, Plaintiff began reporting to the Owasso store manager, Mike Barth, that non-exempt, hourly employees were under-reporting their work hours at the direction of upper management.

17.     Plaintiff reported that non-exempt, hourly employees were being told to "not worry about" punching in and out, were not being paid for all their hours worked, and/or not being paid proper rates for working in excess of forty hours per week.

18.     In and around April 2017, Plaintiff made similar reports to John Goodin with Defendant's Human Resources Business Partner.

19.     Later in April 2017, Plaintiff called and made similar reports to Defendant's "Integrity Hotline."

20.     In May 2017, Plaintiff made similar reports to Amanda Fadness, the acting District Leader for Plaintiff's store.

21.     Upon information and belief, Plaintiff's reports were investigated and substantiated in whole or in part.

22.     Barth was removed from his position as store manager.

23.     In July 2017, Plaintiff was transferred to store number 1031 in Springfield, Missouri, to work in that location as a full-time Executive Team Leader of Logistics.

24.     Plaintiff did not request the transfer to Springfield and would have preferred to stay at the Owasso location since Barth had been removed.

25.     Shortly after arriving, Jerald K. McMillan, Defendant's Store Leader for store number 1031, told Plaintiff that he was "warned about" Plaintiff.

26.     Plaintiff reported McMillan's comments to then-District Leader Richard Kirby in September 2017.

3

27.     Plaintiff came to learn Barth and McMillan spent time together socially.

28.     McMillan's mistreatment of Plaintiff began almost immediately upon Plaintiff's arrival at the Springfield store.

29.     The incidents include (but are not limited to):

    a.  On or around October 2017, during a quarterly planning meeting McMillan asked the staff a question about Black Friday. When Plaintiff tried to answer, McMillan told Plaintiff to "shut up" because he had never worked Black Friday before. Later, during a morning meeting, McMillan insinuated Plaintiff was fat.

    b.  In March 2018, McMillan became upset with Plaintiff when Plaintiff's phone died at work. McMillan told Plaintiff he (Plaintiff) always needed to have his phone in his hand and that he needed to be at the front door of the store when McMillan arrived at the store. When Plaintiff did as he was told, McMillan became upset and denied telling Plaintiff to be at the front door when he arrived.

    c.  In October 2018, McMillan told Plaintiff that he (Plaintiff) was "in over his head" and that there were "other employees that could do a better job than [Plaintiff]" at his job and Plaintiff should do something "he actually enjoys."

    d.  Plaintiff is a military veteran. His regularly-scheduled weekend off coincided with Veterans Day 2018, but even so Plaintiff specifically requested Veterans Day off of work. McMillan demanded Plaintiff work that day despite other team leads being already scheduled.  McMillan also permitted another similarly-situated military veteran employee the day off.  That same employee received a 'gratitude package' from human resources. Plaintiff did not similarly receive a gratitude package.

    e.  On or around November 22, 2018, McMillan advised Plaintiff via email that district lead Chris Brokhouser had "lost confidence" in Plaintiff and that Brokhouser was "sick of" Plaintiff.

30.     Plaintiff submitted complaints about the above-incidents through Defendant's incident management system, which led to further retaliation by McMillan and his subordinates, including (but not limited to):

4

     a.  Plaintiff showed up for his December 5, 2018 shift and was sent home because he was a "distraction to the store." McMillan was aggressive during this exchange and advised Plaintiff that he (McMillan) would tell Plaintiff when he could return.

     b.  Plaintiff was informed he could return to work on December 7, 2018, however, his shift times were changed and his team was removed from him.

31.    Plaintiff received a 2.7% salary increase and $6,371.00 bonus following the quarter he first arrived at the Springfield store

32.    On January 21, 2019, Plaintiff suffered an injury to his right shoulder, right elbow, right arm and body as a whole while in the course and scope of his employment with defendant Target.

33.    Plaintiff thereafter sought employer-approved medical treatment and benefits under Missouri's Workers' Compensation Law, R.S.Mo. § 287, *et seq* as a result of his work injury.

34.    Plaintiff's doctors placed him on work restrictions, which at the time required that he not use his right arm, perform any activity above chest level, wear a sling, and work no more than six hours at a time.

35.    Plaintiff worked light duty within his restrictions when he was able and when it was available.

36.    On February 22, 2019, McMillan placed Plaintiff on a Personal Improvement Plan (PIP) to begin March 4, 2019 and last through March 29, 2019.

37.    Plaintiff called and spoke to Defendant's Human Resources Department and explained that there was no way he could perform the PIP because of what was required and his work restrictions.

38.     Plaintiff submitted a written response to the PIP to Defendant in which Plaintiff complained that the PIP was retaliatory.

39.     Districts vary in size, but Plaintiff's district consisted of twelve stores.

40.     The group containing Plaintiff's district consisted of eight districts.

41.     Plaintiff was the oldest Executive Team Leader of Logistics in his district and, upon information and belief, one of the oldest in his group.

42.     The primary metric used to track Plaintiff's performance was Back Room Location Accuracy (BRLA).

43.     In the backroom, products are arranged by department.  Every day a backroom audit is performed to ensure products are correctly organized in the backroom.

44.     Plaintiff's BRLA percentage at the end of February 2019 was 97.50%.

45.     This was an acceptable level and higher than three other stores in Plaintiff's district.

46.     Plaintiff's BRLA percentage was also higher than approximately seventeen other stores in Plaintiff's group.

47.     Upon information and belief, the other Team Leaders in Plaintiff's district and group were younger than Plaintiff and were not placed on PIPs because of their performance.

48.     Plaintiff submitted a written response to the PIP to Defendant in which Plaintiff complained that the PIP was retaliatory.

49.     On March 27, 2019, Plaintiff was approved for leave under the Family and Medical Leave Act (FMLA), 29 U.S.C. § 2601 *et seq.*, from March 28, 2019 through June 20, 2019 due to high blood pressure, nosebleeds, and anxiety.

50.     In April 2019, Plaintiff was contacted by 'Jen' in Target HR.

6

51.     Jen advised Plaintiff he would need to contact her before returning to work to "discuss [his] options."

52.     Plaintiff underwent surgery on his right shoulder on May 15, 2019 and thereafter attended physical therapy three times per week.

53.     On June 18, 2019, Plaintiff again spoke to Jen at Target HR, who advised Plaintiff that 'Sarah' at Target's HR Business Partner would be contacting him.

54.     Sarah contacted Plaintiff on June 18, 2019 and advised Plaintiff he was terminated for not meeting the criteria of the PIP.

55.     Sarah instructed Plaintiff to mail his store keys in, which Plaintiff did via registered mail on June 20, 2019.

## COUNT I
### R.S.Mo. § 287.780
### Workers' Compensation Retaliatory Discharge

56.     Plaintiff hereby restates, reincorporates, and realleges all preceding paragraphs as though fully restated herein *in haec verba*.

57.     Section 287.780 provides a civil cause of action for damages against an employer, or agent of said employer, who discharges an employee for exercising rights under R.S.Mo. § 287, *et seq*.

58.     Plaintiff filed a workers' compensation claim or otherwise pursued workers' compensation benefits available under § 287, *et seq*.

59.     Defendant placed Plaintiff on a PIP and/or discharged Plaintiff.

60.     Plaintiff's filing of his workers' compensation claim and/or his pursuit of benefits available under § 287, *et seq*. actually played a role in and had a determinative influence on Plaintiff being placed on a PIP and/or being discharged.

7

61.    As a direct and proximate result of Defendant's actions, Plaintiff suffered damages in the form of lost income, including but not limited to back pay and front pay, lost benefits, lost career opportunities (including but not limited to opportunities for advancement in status, pay, and benefits), and mental and emotional anguish.

62.    Defendant acted with malicious or reckless indifference to Plaintiff's protected rights and/or because of an evil motive and/or reckless indifference to Plaintiff's rights.

63.    As Defendant's conduct complained of herein was intentional, willful, malicious, oppressive, and in reckless disregard of Plaintiff's rights, Plaintiff is entitled to recover and hereby requests punitive damages against Defendant.

WHEREFORE, plaintiff Basil Fitzpatrick prays for an award of damages against defendant Target Corporation, in an amount determined to be fair and reasonable; for an award of attorneys' fees, for pre-judgment and post-judgment interest at the highest lawful rate on any judgment rendered; for an award of punitive damages in an amount sufficient to deter conduct similar to that plead herein; and for such other and further relief as the court deems just and proper.

## COUNT II
### Violations of the Fair Labor Standards Act (FLSA)
### 29 U.S.C. §§ 215-216

64.    Plaintiff hereby restates, reincorporates, and realleges all preceding paragraphs as though fully restated herein *in haec verba*.

65.    Plaintiff reported real or suspected violations of the FLSA.

66.    Plaintiff reported retaliation to Defendant orally and in writing.

67.    Plaintiff asserted or threatened to assert his rights under the FLSA.

8

68.     As a direct and proximate result Plaintiff's assertions of his legal rights under § 215, Defendant retaliated against Plaintiff by transferring Plaintiff, placing Plaintiff on a PIP, and/or ultimately discharging Plaintiff on June 18, 2019.

69.     Defendant's conduct rises to a willful violation of the FLSA, 29 U.S.C. § 215(a)(3) in that Defendant's conduct was deliberate and intentional.

70.     As a direct and proximate result of the actions of Defendant, Plaintiff is entitled to recover his lost wages, salary and benefits or other compensation, interest at the prevailing rate on any wages, salary, employment benefits or other compensation denied or lost, liquidated damages equal to the sum of (i) the amount of lost wages, salary, employment benefits or other compensation and (ii) interest awarded on said monetary damages, and mental and emotional distress.

71.     Defendant's actions were done with malice or reckless indifference to Plaintiff's federally protected rights and/or outrageous because of Defendant's evil motive or reckless indifference to Plaintiff's rights.

72.     As Defendant's conduct complained of herein was willful, malicious, outrageous, and in reckless disregard of Plaintiff's rights, Plaintiff is entitled to recover and hereby requests punitive damages against Defendant.

73.     Pursuant to 29 U.S.C. § 216(b), Plaintiff is entitled to and hereby requests an award of reasonable attorney's fees, pre-judgment and post-judgment interest at the highest legal rate, and other costs of the action.

WHEREFORE, plaintiff Basil Fitzpatrick prays for an award of damages against defendant Target Corporation for an amount equal to his lost wages, salary and benefits; for interest on said lost wages, salary and benefits at the highest lawful rate; for liquidated damages

equal to the sum of the amount of lost wages, salary, employment benefits or other compensation and interest awarded on said monetary damages; for punitive damages in the amount of $1,000,000 or 5% of defendant(s) net worth, whichever is greater; for an award of attorney's fees; for pre-judgment and post-judgment interest at the highest legal rate; for the costs of this action; and for such other and further relief as the Court deems just and proper.

**COUNT III**
**FMLA Interference**

74.     Plaintiff hereby restates, reincorporates, and realleges all preceding paragraphs as though fully restated herein *in haec verba*.

75.     Plaintiff was an eligible employee for leave under the FMLA.

76.     Plaintiff's was denied an opportunity to take leave consistent with the FMLA in that his FMLA protected absences were used in evaluating his performance and terminating his employment.

77.     Defendant's conduct rises to a willful violation of the FMLA.

78.     Defendant interfered, restrained, and denied Plaintiff his rights pursuant to the FMLA. More specifically, Defendant interfered with Plaintiff's right to utilize FMLA qualified leave and terminated him as a result of his use of said leave.

79.     As a direct and proximate result of the actions of Defendant, Plaintiff is entitled to recover his lost wages, salary and benefits or other compensation, interest at the prevailing rate on any wages, salary, employment benefits or other compensation denied or lost, liquidated damages equal to the sum of (i) the amount of lost wages, salary, employment benefits or other compensation and (ii) interest awarded on said monetary damages, and mental and emotional distress.

80.     Pursuant to 29 U.S.C. § 2617, Plaintiff is entitled to and hereby requests an award of reasonable attorneys' fees, reasonable expert witness' fees, pre-judgment and post-judgment interest at the highest legal rate, and other costs of the action.

WHEREFORE, plaintiff Basil Fitzpatrick prays for an award of damages against defendant Target Corporation for an amount equal to his lost wages, salary and benefits; for interest on said lost wages, salary and benefits at the highest lawful rate; for liquidated damages equal to the sum of the amount of lost wages, salary, employment benefits or other compensation as well as interest awarded on said monetary damages; injunctive relief; for an award of attorneys' fees; for an award of reasonable expert witness' fees; for pre-judgment and post-judgment at the highest lawful rate; and for such other and further relief as the Court deems just and proper.

### COUNT IV
### FMLA Retaliation

81.     Plaintiff hereby restates, reincorporates, and realleges all preceding paragraphs as though fully restated herein *in haec verba*.

82.     Plaintiff was an eligible employee for leave under the FMLA.

83.     Plaintiff submitted FMLA documentation and sought to use his FMLA qualified leave.

84.     Plaintiff was terminated after submitting his FMLA documentation and after attempting to utilize his FMLA protected leave.

85.     Defendant retaliated against Plaintiff because he exercised his rights provided by the FMLA.

86.     As a direct and proximate result of the actions of Defendant, Plaintiff is entitled to recover his lost wages, salary and benefits or other compensation, interest at the prevailing rate

11

on any wages, salary, employment benefits or other compensation denied or lost, liquidated damages equal to the sum of (i) the amount of lost wages, salary, employment benefits or other compensation and (ii) interest awarded on said monetary damages, and mental and emotional distress.

87.     Pursuant to 29 U.S.C. § 2617, Plaintiff is entitled to and hereby requests an award of reasonable attorneys' fees, reasonable expert witness' fees, pre-judgment and post-judgment interest at the highest legal rate, and other costs of the action.

WHEREFORE, plaintiff Basil Fitzpatrick prays for an award of damages against defendant Target Corporation for an amount equal to his lost wages, salary and benefits; for interest on said lost wages, salary and benefits at the highest lawful rate; for liquidated damages equal to the sum of the amount of lost wages, salary, employment benefits or other compensation as well as interest awarded on said monetary damages; injunctive relief; for an award of attorneys' fees; for an award of reasonable expert witness' fees; for pre-judgment and post-judgment at the highest lawful rate; and for such other and further relief as the Court deems just and proper.

<u>COUNT V</u>
**Violation of the Missouri Human Rights Act**
**Disability Discrimination**

88.     Plaintiff hereby restates, reincorporates, and realleges all preceding paragraphs as though fully restated herein *in haec verba*.

89.     Plaintiff is a member of a protected group pursuant to the Missouri Human Rights Act because his conditions substantially limited one or more of his major life activities but did not prevent him from performing his job with or without reasonable accommodations.

12

90.     Defendant subjected Plaintiff to discrimination on account of a disability, a record of disability, and/or perception of disability it held.

91.     Plaintiff is a member of a protected group and was subjected to discrimination due to a disability, record of disability, and/or a perception of disability; a causal nexus exists between the discrimination and Plaintiff's membership in the protected group; the discrimination/harassment impacted a term, condition, or privilege of Plaintiff's employment with Defendant; Plaintiff was terminated on account of his disability, record of disability, and/or perception a disability.

92.     As a direct and proximate result of the discrimination, as described herein, Plaintiff has suffered the following:

    a.   Lost income, including but not limited to back pay, front pay and lost benefits;

    b.   Lost career opportunities, including but not limited to opportunities for advancement, status, pay and benefits; and

    c.   Mental and emotional anguish defined as "garden variety" by Missouri law.

93.     Pursuant to the MHRA, R.S.Mo. § 213.111, Plaintiff is entitled to and hereby requests an award of attorney's fees and post judgment interest at the highest lawful rate on any award or verdict provided.

94.     The actions of Defendant were willful, wanton, and in complete indifference to Plaintiff's rights.  These actions are sufficient to justify the award of punitive damages to deter Defendant, and others similarly situated, from like conduct in the future.

WHEREFORE, plaintiff Basil Fitzpatrick prays for an award of damages against defendant Target Corporation, in an amount determined to be fair and reasonable; for an award of attorney's fees; for an award of post-judgment interest at the highest lawful rate on any judgment rendered; for punitive damages sufficient to deter Defendant and others similarly situated from like actions in the future; and for such other and further relief as the Court deems just and proper.

**COUNT VI**
**Violation of the Missouri Human Rights Act**
**Disability Retaliation**

95.     Plaintiff hereby restates, reincorporates, and realleges all preceding paragraphs as though fully restated herein *in haec verba*.

96.     Defendants terminated Plaintiff because Plaintiff opposed Defendant's discrimination against him based on a disability.

97.     The termination violated R.S.Mo. § 213.070(2).

98.     The retaliation occurred because Plaintiff opposed Defendant's discrimination based on a disability.

99.     As a direct and proximate result of Defendant's conduct as described herein, Plaintiff suffered lost income, including but not limited to back pay and front pay, lost career opportunities, including but not limited to opportunities for advancement in status and pay, the loss of employment benefits, and mental and emotional anguish defined as "garden variety" by Missouri law.

100.     The retaliatory acts of Defendant were made with malicious or reckless indifference to Plaintiff's protected rights, and/or were outrageous because of their evil motive and/or reckless indifference to Plaintiff's rights.

14

101.    As Defendant's conduct complained of herein was intentional, willful, malicious, oppressive, and in reckless disregard of Plaintiff's rights, Plaintiff is entitled to recover and hereby requests punitive damages against Defendant.

102.    Pursuant to R.S.Mo. § 213.111(2) of the MHRA, Plaintiff is entitled to and hereby requests an award of attorney's fees.

103.    Plaintiff further requests post judgment interest on any award of damages calculated at the highest lawful rate.

WHEREFORE, Basil Fitzpatrick prays for an award of damages against defendant Target Corporation in an amount determined to be fair and reasonable; for an award of attorney's fees; for an award of post-judgment interest at the highest lawful rate on any judgment rendered; for punitive damages sufficient to deter Defendant and others similarly situated from like actions in the future; and for such other and further relief as the Court deems just and proper.

## COUNT VII
**Violation of the Missouri Human Rights Act**
**Discriminatory and Hostile Work Environment - Age**

104.    Plaintiff hereby restates, reincorporates, and realleges all preceding paragraphs as though fully restated herein *in haec verba*.

105.    Plaintiff was subjected to a discriminatory and hostile work environment based on his age in the form of Defendant's preferential treatment of younger employees.

106.    These actions violate R.S.Mo. § 213.055.

107.    Plaintiff was treated disparately because of his age.

108.    A term, condition, or privilege of Plaintiff's employment was affected by Defendant's conduct in that it altered the conditions of Plaintiff's employment and created an

15

abusive working environment because the conduct was severe, pervasive, and subjectively and objectively unreasonable and offensive.

109.     A term, condition, or privilege of Plaintiff's employment was further affected by Defendant's conduct in that Plaintiff was denied promotions, pay increases, and advancement that instead passed to other younger employees.

110.     As a direct and proximate result of Defendant's conduct as described herein, Plaintiff suffered lost income, including but not limited to back pay and front pay, lost career opportunities, including but not limited to opportunities for advancement in status and pay, the loss of employment benefits, and mental and emotional anguish defined as "garden variety" by Missouri law.

111.     The acts of Defendant were made with malicious or reckless indifference to Plaintiff's protected rights, and/or outrageous because of their evil motive and/or reckless indifference to Plaintiff's rights.

112.     As Defendant's conduct complained of herein was intentional, willful, malicious, oppressive, and in reckless disregard of Plaintiff's rights, Plaintiff is entitled to recover and hereby requests punitive damages against Defendant.

113.     Pursuant to R.S.Mo. § 213.111(2) of the MHRA, Plaintiff is entitled to and hereby requests an award of attorney's fees.

114.     Plaintiff further requests post judgment interest on any award of damages calculated at the highest lawful rate.

WHEREFORE, Basil Fitzpatrick prays for an award of damages against defendant Target Corporation in an amount determined to be fair and reasonable; for an award of attorney's fees; for an award of post-judgment interest at the highest lawful rate on any judgment rendered; for

16

punitive damages sufficient to deter Defendant and others similarly situated from like actions in the future; and for such other and further relief as the Court deems just and proper.

<u>**COUNT VIII**</u>
**Violation of the Missouri Human Rights Act**
**Retaliation – Age**

115.     Plaintiff hereby restates, reincorporates, and realleges all preceding paragraphs as though fully restated herein *in haec verba*.

116.     Defendant terminated Plaintiff because Plaintiff opposed Defendant's discrimination against him based on his age.

117.     The termination violated § 213.070(2), R.S.Mo.

118.     The retaliation occurred because Plaintiff opposed Defendant's discrimination based on his age.

119.     As a direct and proximate result of Defendant's conduct as described herein, Plaintiff suffered lost income, including but not limited to back pay and front pay, lost career opportunities, including but not limited to opportunities for advancement in status and pay, the loss of employment benefits, and mental and emotional anguish defined as "garden variety" by Missouri law.

120.     The retaliatory acts of Defendant were made with malicious or reckless indifference to Plaintiff's protected rights, and/or outrageous because of their evil motive and/or reckless indifference to Plaintiff's rights.

121.     As Defendant's conduct complained of herein was intentional, willful, malicious, oppressive, and in reckless disregard of Plaintiff's rights, Plaintiff is entitled to recover and hereby requests punitive damages against Defendant.

122. Pursuant to R.S.Mo. § 213.111(2) of the MHRA, Plaintiff is entitled to and hereby requests an award of attorney's fees.

123. Plaintiff further requests post judgment interest on any award of damages calculated at the highest lawful rate.

WHEREFORE, Basil Fitzpatrick prays for an award of damages against defendant Target Corporation in an amount determined to be fair and reasonable; for an award of attorney's fees; for an award of post-judgment interest at the highest lawful rate on any judgment rendered; for punitive damages sufficient to deter Defendant and others similarly situated from like actions in the future; and for such other and further relief as the Court deems just and proper.

## COUNT IX
### Violation of the Missouri Human Rights Act
### R.S.Mo. 213.070(1)

124. Plaintiff hereby restates, reincorporates, and realleges all preceding paragraphs as though fully restated herein *in haec verba*.

125. Defendant and its employees, through their actions and comments as described above, aided, abetted, and compelled violations of the Missouri Human Rights Act.

126. As such, Defendant violated R.S.Mo. § 213.070(1).

127. Plaintiff's disability and age were factors compelling Defendant, and its employees, to aid, abet, and compel acts that violated the Missouri Human Rights Act.

128. A term, condition, or privilege of Plaintiff's employment was affected by the foregoing as described above.

129. As a direct and proximate result of the acts described above, Plaintiff suffered lost income, including but not limited to back pay and front pay, lost career opportunities, including

18

Electronically Filed - Greene - June 23, 2020 - 09:50 AM

but not limited to opportunities for advancement in status and pay, the loss of employment benefits, and mental and emotional anguish defined as "garden variety" by Missouri law.

130.    The acts of Defendant were made with malicious or reckless indifference to Plaintiff's protected rights, and/or outrageous because of their evil motive and/or reckless indifference to Plaintiff's rights.

131.    As Defendant's conduct complained of herein was intentional, willful, malicious, oppressive, and in reckless disregard of Plaintiff's rights, Plaintiff is entitled to recover and hereby requests punitive damages against Defendant.

132.    Pursuant to R.S.Mo. § 213.111(2) of the MHRA, Plaintiff is entitled to and hereby requests an award of attorney's fees.  Plaintiff further requests post judgment interest on any award of damages calculated at the highest lawful rate.

WHEREFORE, Basil Fitzpatrick prays for an award of damages against defendant Target Corporation in an amount determined to be fair and reasonable; for an award of attorney's fees; for an award of post-judgment interest at the highest lawful rate on any judgment rendered; for punitive damages sufficient to deter Defendant and others similarly situated from like actions in the future; and for such other and further relief as the Court deems just and proper.

HALL ANSLEY, P.C.


By:    /s/ Adam P. Pihana
       ADAM P. PIHANA
       apihana@hallansley.com
       Missouri Bar Number 59540
       TIMOTHY A. RICKER
       tricker@hallansley.com
       Missouri Bar Number 62050

HALL ANSLEY, P.C.
3275 E. Ridgeview
Springfield, MO 65804
Telephone:  417/890-8700
Facsimile:  417/890-8855
*Attorneys for Plaintiff*

20

Electronically Filed - Greene - June 23, 2020 - 09:50 AM

MISSOURI DEPARTMENT OF LABOR AND INDUSTRIAL RELATIONS
# MISSOURI COMMISSION ON HUMAN RIGHTS

| MICHAEL L. PARSON | ANNA S. HUI | MARTHA STAGGS | ALISA WARREN, PH.D. |
|---|---|---|---|
| GOVERNOR | DEPARTMENT DIRECTOR | COMMISSION CHAIR | EXECUTIVE DIRECTOR |

E-9/19-51452
Administrative Use/Records

Basil J. Fitzpatrick
250 Deer Run Rd.
Branson, MO 65616

## EXHIBIT A

RE:  Fitzpatrick vs. Target Corp.
     E-9/19-51452    28E-2019-01166

The Missouri Commission on Human Rights (MCHR) is terminating its proceedings and issuing this notice of your right to sue under the Missouri Human Rights Act because you have requested a notice of your right to sue.

This letter indicates your right to bring a civil action within 90 days of this notice against the respondent(s) named in the complaint. Such an action may be brought in any circuit court in any county in which the unlawful discriminatory practice is alleged to have occurred but it must be brought no later than two years after the alleged cause occurred or its reasonable discovery. Upon issuance of this notice, the MCHR is terminating all proceedings relating to the complaint. No person may file or reinstate a complaint with the MCHR after the issuance of a notice of right to sue relating to the same practice or act. You are hereby notified of your right to sue the Respondent(s) named in your complaint in state circuit court. **THIS MUST BE DONE WITHIN 90 DAYS OF THE DATE OF THIS NOTICE OR YOUR RIGHT TO SUE IS LOST**.

You are also notified that the Executive Director is hereby administratively closing this case and terminating all MCHR proceedings relating to it. This notice of right to sue has no effect on the suit-filing period for any federal claims. This notice of right to sue is being issued as required by Section 213.111.1, RSMo, because it has been over 180 days after the filing of this complaint and MCHR has not completed its administrative processing.

Respectfully,

Alisa Warren Ph.D.
Executive Director

May 12, 2020
Date

Target Corp.
1000 Nicollet Mall
Minneapolis, MN 55403

Hall Ansley, PC
Adam P. Pihana
3275 E. Ridgeview
Springfield, MO 6580

☒                    ☐                    ☐                    ☐

| 3315 WEST THURMAN BLVD., SUITE 212 | 111 N. 7TH STREET, SUITE 903 | 1410 GENESSEE, SUITE 260 | 106 ARTHUR STREET, SUITE D |
|---|---|---|---|
| P.O. BOX 1129 | ST. LOUIS, MO 63101-2100 | KANSAS CITY, MO 64102-1047 | SIKESTON, MO 63801-5454 |
| JEFFERSON CITY, MO 65102-1129 | PHONE: 314-340-7590 | FAX: 816-889-3582 | FAX: 573-472-5321 |
| PHONE: 573-751-3325 | FAX: 314-340-7238 | | |
| FAX: 573-751-2905 | | | |

*Missouri Commission on Human Rights is an equal opportunity employer/program. Auxiliary aides and services are available upon request to individuals with disabilities.*
TDD/TTY:  1-800-735-2966 (TDD)   Relay Missouri: 711
www.labor.mo.gov/mohumanrights   E-Mail: mchr@labor.mo.gov



# IN THE 31ST JUDICIAL CIRCUIT, GREENE COUNTY, MISSOURI

| | |
|---|---|
| Judge or Division:<br>JASON R BROWN | **Case Number:  2031-CC00741** |
| Plaintiff/Petitioner:<br>BASIL FITZPATRICK | Plaintiff's/Petitioner's Attorney/Address<br>ADAM PEKELO PIHANA<br>3275 E RIDGEVIEW<br>SPRINGFIELD, MO  65804 |
| vs. | |
| Defendant/Respondent:<br>TARGET CORPORATION | Court Address:<br>JUDICIAL COURTS FACILITY<br>1010 N BOONVILLE AVE<br>SPRINGFIELD, MO  65802 |
| Nature of Suit:<br>CC Employmnt Discrmntn 213.111 | |

(Date File Stamp)

## Summons in Civil Case

The State of Missouri to:  TARGET CORPORATION
Alias:

RA: CT CORPORATION SYSTEM
120 S CENTRAL AVE
CLAYTON, MO  63105

*COURT SEAL OF*



*GREENE COUNTY*

You are summoned to appear before this court and to file your pleading to the petition, a copy of which is attached, and to serve a copy of your pleading upon the attorney for plaintiff/petitioner at the above address all within 30 days after receiving this summons, exclusive of the day of service. If you fail to file your pleading, judgment by default may be taken against you for the relief demanded in the petition.

| 06/24/2020 | /S/ THOMAS R. BARR BY CR |
|---|---|
| Date | Clerk |

Further Information:

## Sheriff's or Server's Return

**Note to serving officer**: Summons should be returned to the court within 30 days after the date of issue.

I certify that I have served the above summons by: (check one)

☐ delivering a copy of the summons and a copy of the petition to the defendant/respondent.

☐ leaving a copy of the summons and a copy of the petition at the dwelling place or usual abode of the defendant/respondent with _____, a person of the defendant's/respondent's family over the age of 15 years who permanently resides with the defendant/respondent.

☐ (for service on a corporation) delivering a copy of the summons and a copy of the complaint to: _____ (name) _____ (title).

☐ other: _____.

Served at _____ (address)

in _____ (County/City of St. Louis), MO, on _____ (date) at _____ (time).

_____          _____
Printed Name of Sheriff or Server                           Signature of Sheriff or Server

**Must be sworn before a notary public if not served by an authorized officer:**

Subscribed and sworn to before me on _____ (date).

*(Seal)*

My commission expires: _____          _____
                              Date                                    Notary Public

| **Sheriff's Fees, if applicable** | |
|---|---|
| Summons | $_____ |
| Non Est | $_____ |
| Sheriff's Deputy Salary<br>Supplemental Surcharge | $_____10.00_____ |
| Mileage | $_____ (_____ miles @ $._____ per mile) |
| **Total** | $_____ |

A copy of the summons and a copy of the petition must be served on **each** defendant/respondent. For methods of service on all classes of suits, see Supreme Court Rule 54.

OSCA (06-18) SM30 (SMCC) *For Court Use Only:* Document Id # 20-SMCC-1339       1 of  1          Civil Procedure Form No. 1; Rules 54.01 – 54.05, 54.13, and 54.20; 506.120 – 506.140, and 506.150 RSMo

Case 6:20-cv-03232-SRB   Document 1-1   Filed 07/29/20   Page 24 of 24